UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DESTIN RAY MARKS and MILLIE KAY BOUGET, Individually and on behalf of others similarly situated | CIVIL ACTION NO. |
| VERSUS | HONORABLE JUDGE: |
| ANDRIES AND ASSOCIATES, L.L.C. d/b/a EVANGELINE HOME CENTER, ET AL | MAGISTRATE JUDGE: |

**COMPLAINT FOR UNPAID OVERTIME WAGES,
MINIMUM WAGES AND COLLECTIVE ACTION**

The complaint of DESTIN RAY MARKS and MILLIE KAY BOUGET, individually and on behalf of others similarly situated, persons of the full age of majority and a citizen of the State of Louisiana, respectfully represents that:

1.

Complainants bring this action on behalf of themselves and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), to recover unpaid wages, including overtime and minimum wage earnings, for work they performed on behalf of **ANDRIES AND ASSOCIATES, L.L.C. d/b/a EVANGELINE HOME CENTER, ACADIANA HOMES, and other manufactured home retail stores ("ANDRIES").**

2.

Complainants are current and former employees who worked at Defendant's business locations in Louisiana, as non-exempt employees entitled to minimum wage, regular wage, and overtime pay under the FLSA. DESTIN RAY MARKS and MILLIE KAY BOUGET allege on behalf of themselves and all similarly situated personnel that ANDRIES has willfully engaged in a pattern and practice of unlawful conduct by failing to pay minimum wage, overtime

compensation and failing to record credit, or compensate them for all the time Defendant requires or permits such employees to work.

3.

Complainants are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide his consent in writing and become such a party, and such consent must be filed with this Court. 29 U.S.C. § 216(b).

4.

Like the named Complainants in this action, other current and former non-exempt employees have not been paid minimum wage and overtime for hours worked in excess of 40 hours in a workweek.

5.

ANDRIES's practices are in direct violation of the FLSA. 29 U.S.C. § 201, *et seq*. The named Complainants seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by ANDRIES, liquidated and/or other damages as permitted by applicable law, and attorney's fees and costs.

6.

This action is brought to recover unpaid compensation owed to named Complainants and all current or former employees of Defendant at its business locations who are similarly situated to Complainants pursuant to the FLSA.

## JURISDICTION AND VENUE

7.

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337 and § 16(b) of the FLSA, 29 U.S.C. § 216(b).  ANDRIES has been regularly engaged in interstate commerce in this district and has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207 at all times relevant to this Complaint.

8.

Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because ANDRIES AND ASSOCIATES, L.L.C.'s principal place of business is in this judicial district.

## PARTIES

9.

Complainants are individuals who both reside in St. Landry Parish, State of Louisiana.

10.

Made defendant herein is:

(1)   ANDRIES AND ASSOCIATES, L.L.C. d/b/a EVANGELINE HOME CENTER, ACADIANA HOMES, and other manufactured home retail stores, a Louisiana corporation domiciled in and with its principal place of business in Carencro, Louisiana ("ANDRIES").

## FACTS

11.

Defendant, ANDRIES is truly indebted to complainants for the following, to-wit:

12.

Complainant, DESTIN RAY MARKS, was hired and employed with Defendant, ANDRIES, beginning in or about the year 2011 as a "salesperson" off and on for approximately five (5) years and remained in that position until September, 2015.

13.

Complainant, MILLIE KAY BOUGET, was hired and employed with Defendant, ANDRIES, beginning in or about the year 2013 as a "salesperson" and remained in that position until July, 2015.

14.

Complainants, and others similarly situated employees, were employed by Defendant to work at its place of business and to sell manufactured homes.

15.

Complainants were paid outright commission equal to amounts ranging from ten (10%) percent to twenty-five (25%) percent the gross profit on the sale of a home by himself.

16.

Complainants were non-exempt employees for purpose of the Fair Labor Standards Act and specifically, they had no supervisory duties or authority over any other employees, and did not meet any other criteria for exempt status within the terms, criteria and intendment of the Fair Labor Standards Act.

17.

Complainants worked on average forty-eight (48) hours per week.

18.

In weeks where they had no sales or in weeks where their commissions did not exceed or meet the requirements of the FLSA, they were not paid at least minimum wage or time and a half for overtime.

19.

Complainants, and others similarly situated, were not paid anything for many work weeks and therefore not paid minimum wage for each hour worked up to forty (40) hours per week and one and one-half times the current minimum hourly rate for all hours over forty (40) hours in one week.

20.

On information and belief, defendant employs or has employed more than fifty (50) employees who have been paid (or have not been paid) in a similar manner.

21.

On information and belief, defendant knows that its method of payment is a violation of the Fair Labor Standards Act and it intentionally and willfully violates the law.

**CAUSES OF ACTION**

22.

Complainants incorporate by reference all preceding paragraphs as if fully restated herein.

23.

ANDRIES AND ASSOCIATES, L.L.C. D/B/A EVANGELINE HOME CENTER, ACADIANA HOMES, and other manufactured home retail stores have willfully violated the FLSA by permitting or requiring the named Complainants and others similarly situated to perform work activities for the benefit of the company without compensation at a minimum wage rate nor an overtime premium for all hours worked in excess of 40 hours a week as required by the FLSA and without keeping accurate records of the number of such uncompensated hours of work, and same constitutes a willful violation of the FLSA.

24.

ANDRIES knew or should have known that employees such as Complainants and similarly situated individuals were not exempt under the FLSA.

25.

Complainants and potential opt-in complainants bring a claim for relief against ANDRIES for violation of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of all non-exempt salaried employees of ANDRIES, during the period of 3 years prior to the date of commencement of this action through the date of judgment of this action and who have not been fully compensated at a minimum wage rate or an overtime rate for all work performed in excess of 40 hours per workweek.  Named Complainants and potential opt-in complainants are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

26.

A claim for relief for violations under the FLSA may be brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Complainants because the claims are similar, if not identical, to the claims of the putative members of the collective action.

27.

Potential opt-in members of the collective action are similarly situated to Complainants.  They have substantially similar pay provisions and are subject to the same common practice, policy, or plan that requires or permits them to perform uncompensated work for the benefit of ANDRIES in excess of 40 hours per workweek or at a minimum wage rate.  Complainants and

potential opt-in Complainant work or have worked at ANDRIES as non-exempt, hourly employees.

28.

Defendant, ANDRIES, is liable to Complainants, for all damages owed, including, but not limited to:

a) Past and future overtime wages;

b) Past and future hourly minimum wage rate;

c) Liquidated damages; and

d) Attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Complainants, on behalf of himself and all putative members of the proposed collective action, pray for judgment against ANDRIES AND ASSOCIATES, L.L.C. D/B/A EVANGELINE HOME CENTER, ACADIANA HOMES, and other manufactured home retail stores, as follows:

a. Awarding damages, including appropriate compensation for unpaid overtime, as well as interest, liquidated damages;

b. Awarding damages, including appropriate compensation at an hourly minimum wage rate, as well as interest, liquidated damages;

c. Awarding all costs of litigation, including expert's fees, attorney's fees, and expenses;

d. Awarding such other declaratory, injunctive, and equitable relief as the Court deems proper; and

## JURY DEMAND

Plaintiff demands a trial by jury.

                                        RESPECTFULLY SUBMITTED,

                                        KENNETH D. ST. PÉ, LLC

                                        __/s/ Kenneth D. St. Pé_____
                                        KENNETH D. ST. PÉ
                                        La. Bar Roll No. 22638
                                        311 West University Avenue, Suite A
                                        Lafayette, Louisiana  70506
                                        (337) 534-4043